In the Matter of Norton agt. Dowling.

# N. Y. SUPERIOR COURT.

IN THE MATTER OF THE APPLICATION OF JOHN NORTON FOR A
WRIT OF PROHIBITION agt. JOSEPH DOWLING *et al.*

Writ of prohibition may issue out of the superior court of the city of New
York to restrain an inferior court.

The convention or board of police justices of New York, organized under
the act of 1860, in appointing and removing clerks, does not act as a
court to be restrained, nor their proceedings reviewed by writ of prohi-
bition.

*Special Term, September*, 1873.·

VAN VORST, *J.*—By the act of the legislature, passed April
17, 1860, entitled " An act in relation to police and courts in
the city of New York," provision is made, among other
things, for the organization of the police justices in *conven-
tion ;* the convevtion to be known as " the Board of Police
Justices of the City of New York."

. By the act various duties were cast upon the board with
respect to the preparation and preservation of statistics of the
various police courts, and of filing and preserving such reso-
lutions as they might from time to time approve for the
better maintenance of morals and order in the city.

By section 28 of the act it is provided that any clerk men-
tioned in the act, except the clerk of the court of special ses-
sions, may be removed, for cause, by said board of police jus-
tices ; but that no such removal shall be made without the
concurrence of six members of said board, and on complaint
of the justice or justices who appointed such clerk, nor until
such clerk shall have had an opportunity to be heard in his
defense.

The papers show that, on the 21st of August, 1873, at a meeting of the board of police justices, at which six of the justices (being a majority of the board) were present, justice Cox presented certain specifications charging assistant clerk John Norton, of the second district police court, with neg lect of duty; the specification being that from July 1, 1870, to July 31, 1873, Norton, without permission or authority, absented himself from the court continuously, and failed and neglected to perform the duties assigned to him as such clerk.

It was ordered by the board that their clerk serve a copy of the charges on Norton, with notice that the board would meet on Tuesday, August 26, 1873, at one o'clock P. M., to hear any defense that Norton might make to the charge.

The board then adjourned until August 26, at one o'clock. On the 26th of August the board again assembed, all the justices being present except justice BIXBY.

Norton appeared with his counsel in obedience to the notification, and interposed a preliminary objection to proceeding, on the ground that all the police justices were not present. At the request of the counsel of Norton the proceedings were laid over until the next meeting. At the next meeting of the board, held on the second of September, all the justices were present, and the minutes of the preceding meeting were approved; but nothing was done in the investigation of the charges; Norton having, in the interim, since the last meeting, applied for and obtained from this court a writ of prohibition, restraining the justices from any further proceeding in the matter, together with an order to show cause why the restraint should not be absolute. The process was directed to all the justices composing the board, except justice BIXBY, and was served upon them on the second of September, and restrained the action of the board in the premises.

On the return day of the order to show cause, it was objected by the counsel for the board that this court was not authorized to issue a writ of prohibition; that such process

could only proceed from the supreme court. By the act of the legislature of April 17, 1873, it was declared that the superior court of the city of New York "has henceforth original jurisdiction, at law and in equity, concurrent and coextensive with the supreme court, of all civil actions and of all special proceedings of a civil nature."

This would include authority to issue a writ of prohibition in a proper case; but I am of opinion that neither the board of police justices nor its members may be restrained by writ of prohibition from the performance of duties imposed by law.

It may well be questioned whether " the Board of Police Justices" acts as a *court* in the discharge of the special duties imposed upon it by the act of the legislature of 1860, above referred to.

The writ of prohibition, issuing out of a superior court, is directed to the judges of an inferior court, or the parties to a suit therein, or both conjointly; the object of the writ being the keeping of the *court* to which it is directed within its proper jurisdiction, or to repress the assumption of authority by any pretended court (*Broome's Comm. on the Common Law, p.* 232, *and cases cited*).

By the Revised Statutes of this state it is provided that the writ of prohibition shall command the *court*, or *party* to whom it shall be directed, to desist and refrain from any further proceedings (*Statutes at Large, vol.* 2, *p.* 609).

The *party* referred to in the statute is the person who is acting adversely to the applicant for the writ in the inferior court. In *The People* agt. *Supervisors of Queens* (1 *Hill*, 201) it is stated that " the writ of prohibition is directed to a *court* in which some action or legal proceeding is pending, and to the *party* who prosecutes the suit."

The " convention " or board of police justices, in collecting and preserving statistics, in passing resolutions for the good order of the city, and in appointing and removing clerks, does not act as a court, within the meaning of the statute, to be restrained by writ of prohibition.

Kindred duties are often cast by law upon individuals and boards having no connection with courts established for the administration of justice. But in any event it is evident that, in proceeding against Norton, the board is clearly acting within its jurisdiction, and the scope of duties imposed upon it by the act of the legislature in question.

It is objected, however, by the applicant .that it does not appear that all the justices were notified of the meeting at which the charges and specifications were to be considered. That all the members should be present .or notified to be present.

It does not appear but that the member absent from the meeting of August 26 had been notified to attend. This, as appears by the minutes, was a meeting regularly adjourned from the previous meeting of August 21. The time for this hearing had been fixed by the previous meeting of the board, and was a matter of record within the reach of all the members. All the members would be presumed to have notice of the regular meetings of the board, especially when so formally appointed, and it would be their duty to attend.

To rebut this presumption affirmative evidence should have been given. Under such circumstances the absence of one member would not prevent the others from acting. But on the day named for the actual hearing of the matter, the second September, when the writ of prohibition was served, all the members, as appears by the minutes, were assembled.

In no event, therefore, is this a proper case for the intervention of this court, through the restraining power of its writ of prohibition; nor can the applicant be removed without the concurrence of six members of the board.

The board having jurisdiction of the subject-matter, errors in the proceedings, if any, are subject to review by another remedy.

The board of police justices are authorized to proceed in the matter in question, and a writ of consultation is awarded.